David Kusnetz, J.
At the organization meeting of the county committee of the Democratic party of the County of Queens held on June 20, 1956, that body by majority vote duly adopted its rules, pursuant to the provisions of section 15 of the Election Law. Paragraph (a) of subdivision 2 of rule VII of such rules provides as follows:
“2. In 1956 only, the Executive Committee shall consist of twenty-seven (27) males and twenty-seven (27) female Executive Members. These shall be the members of the County Committee elected to the Executive Committee by the members of the County Committee in their respective Executive Districts in the manner hereinafter set forth, and shall be members of the County Committee in the District from which they are elected as follows:
*967 “ (a) Within twenty days after organization of the County Committee, there shall be a meeting in each Executive District of the members of the County Committee residing therein, for the purpose of electing such Executive Members.”
The validity of the foregoing and of the election pursuant thereto on June 27,1956 of the respondents John J. O’Brien and Alma Schneider, as executive members of the executive committee from the 16th Executive District of the 8th Assembly District, County of Queens, has now been challenged by certain members of the Democratic County Committee of the County of Queens from the 8th assembly district. Petitioner Splain has instituted a proceeding under section 330 of the Election Law; petitioner Murphy under article 78 of the Civil Practice Act, and the plaintiffs Gorman, McCormack and Re, an action for judgment declaring said rule and the June 27, 1956 election thereunder null and void, and in connection with said action have moved for an order restraining the defendant Dixon, individually and as chairman of the Democratic County Committee of Queens County from convening the executive members of the Democratic party of that county and organizing the executive committee pending the entry of judgment herein.
Under rule VII, as it existed prior to the meeting of June 20, 1956, members of the executive committee were elected by the unit rule, i.e., by all members of the county committee elected in the assembly district. Under the rule, which was adopted on June 20, 1956, members of the executive committee are elected by members of the county committee elected in the respective executive districts. The challenge of this new rule basically is (a) that it contravenes the vested rights of the various county committeemen elected at the primary election on June 5, 1956, given under rule VII of the rules of the county committee then in force, which rule was adopted by the then county committee following its election at the 1954 primary, and (b) it contravenes section 12 of the Election Law with respect to the qualification of members of the county committee.
There is no merit to either contention. Section 15 of the Election Law empowers a newly elected county committee to adopt its own rules for the conduct of its affairs and when so adopted, these new rules supersede those previously in existence. As for the claim that the new rule contravenes section 12 of the Election Law insofar as it limits the election of members of the executive committee by members of the county committee elected in the particular executive district rather than the assembly district, that section contains no such restriction. It merely requires each member of the county committee to be “ an enrolled *968 voter of the party residing in the assembly district from which or in the assembly district containing the election district in which such member is elected.” This provision does not prohibit the election of members of the executive committee by members of the county committee from the particular executive districts wherefrom they were elected. Section 14 of the Election Law, in fact, permits the formation of committees “ other than state and county committees # * * in the manner provided for by the rules of the party.” The rule here challenged is such a rule.
The respective applications of petitioners Splain and Murphy are accordingly denied and the motion for a temporary injunction of the plaintiffs in the action for a declaratory judgment, denied.
Submit order.